538 A.2d 506

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**William GARNER.**

Superior Court of Pennsylvania.

Argued Sept. 1, 1987.

Filed Jan. 20, 1988.

Reargument Denied March 15, 1988.

John B. Dunn, Assistant District Attorney, Stroudsburg, for Com., appellant.

Mark S. Love, Mount Pocono, for appellee.

Before CAVANAUGH, ROWLEY and MONTEMURO, JJ.

CAVANAUGH, Judge:

This is an appeal from an order entered in the Court of Common Pleas of Monroe County on December 29, 1986, granting the appellee's Motion to Quash count one of appellant/Commonwealth's Criminal Information.

On August 14, 1986, the appellee was charged with one count of Involuntary Deviate Sexual Intercourse (IDSI), after allegedly having engaged in sexual intercourse *per os* with a 15 year old female.[1] The statutory definition of IDSI

---

1. The appellee was also charged with one count of indecent assault, and one count of corruption of morals. Neither count is the subject of this appeal.

can be found in 18 Pa.C.S.A. § 3123 and provides in pertinent part:

A person commits a felony of the first degree when he engages in deviate sexual intercourse with another person:

(5) who is less than 16 years of age.

1972, Dec. 6, P.L. 1482 No. 334 § 1, effective June 6, 1973. Section 3123(5) effectively removes consent as a defense to this particular charge. The separate and distinct offense of statutory rape is defined in 18 Pa.C.S.A. § 3122 as follows:

A person who is 18 years of age or older commits statutory rape, a felony of the second degree, when he engages in sexual intercourse with another person not his spouse who is less than 14 years of age.

1972, Dec. 6, P.L. 1482, No. 334, § 1, effective June 6, 1973.

Pursuant to 18 Pa.C.S.A. § 3101, deviate sexual intercourse includes "sexual intercourse *per os* or *per anus* between human beings who are not husband and wife ..." That same provision defines sexual intercourse as "[in addition to its ordinary meaning] ... intercourse *per os* or *per anus*...."

In 1976, the Legislature amended § 3122, reducing the age of consent in cases of statutory rape from 16 to 14. However, there was no explicit reduction in the age of consent under the IDSI statute. Relying on the foregoing, appellee filed a motion to quash the IDSI count on November 5, 1986. He argued that since deviate sexual intercourse fell within the broader definition of sexual intercourse, the IDSI and amended statutory rape provisions were irreconcilable insofar as they established different ages of consent for the identical activity, i.e., sexual intercourse with members of a specific age group. Appellee claimed that a person who engaged in deviate sexual relations with a 14 or 15 year old (someone over the age of 13, but under the age of 16) could be held criminally liable under the IDSI provision, but not under the statutory rape

provision. This, he maintained, was a violation of due process since it is well-established that "the terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties...." *Commonwealth v. Heinbaugh,* 467 Pa. 1, 5, 354 A.2d 244, 246 (1976) (*quoting Connally v. General Construction Co.,* 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322, 328 (1926)). Accordingly, appellee contended that the amendment to § 3122 impliedly repealed § 3123(5) and that the operative age of consent for both offenses was now 14.

Concluding that the statutes were ambiguous, the lower court granted appellee's motion to quash, citing the proposition that penal statutes should be strictly construed in favor of the defendant. *Commonwealth v. Darush,* 256 Pa.Super. 344, 348, 389 A.2d 1156, 1158 (1978). The Commonwealth filed a timely appeal from that order.

It is well-settled that the law does not favor repeal by implication. *See, e.g., Pa. Industries v. Com., State Sys. of Educ.,* 87 Pa.Commonwealth Ct. 1, 4, 485 A.2d 1233, 1234 (1985); *In re Delinquent Tax Sale,* 83 Pa.Commonwealth Ct. 411, 416, 477 A.2d 603, 605 (1984); *Commonwealth v. Milano,* 300 Pa.Super. 251, 255, 446 A.2d 325, 327 (1982). As this court noted in *Patton v. Republic Steel Corp.,* 342 Pa.Super. 101, 114, 492 A.2d 411, 417 (1985), "Repeal by implication arises only where language used in the later statute is irreconcilably repugnant to the provisions of the earlier statute so as absolutely to preclude a consonant construction of both." (*quoting Duda v. State Board of Pharmacy,* 38 Pa.Commonwealth Ct. 378, 381, 393 A.2d 57, 59 (1978)). This principle is applicable in the case at bar. While it is true that the definitions of sexual intercourse and deviate sexual intercourse are not mutually exclusive, it is equally clear that the Legislature intended to make a distinction between the two forms of conduct. Although the wording of the definitional statute is somewhat ambiguous, common sense dictates that we recognize this distinc-

tion. It would be unreasonable to suppose that the Legislature considered the terms "deviate sexual intercourse" and "sexual intercourse" to be interchangeable. Section 3103 expressly differentiates between the two acts by including their definitions under alternative headings. It is beyond peradventure that the Legislature understood these acts to be separate and distinct. Any other interpretation would strain logic and lead to an absurd result. *See* 1 Pa.C.S.A. § 1922.[2]

In order to properly construe the statutes in question, we must consider the legislative intent. *Appeal of Neshaminy Auto Villa Ltd.*, 25 Pa.Commonwealth Ct. 129, 133, 358 A.2d 433, 435 (1976) ("The polestar for construction of a statute or ordinance is the intention of the legislative body.") (citation omitted). Sections 3123(5) and 3122 are both aimed at protecting children who fall below a certain age. Given the inherent nature of "deviate," as opposed to "ordinary," sexual intercourse, it is logical to assume that the Legislature felt it necessary to develop specific safeguards for those who had not yet reached the age of 16. The fact that the additional two year period was removed from the amended statutory rape provision does not effect its continued validity under § 3123, since the two penal statutes were designed to guard against distinct harms.

Moreover, the entire text of § 3123 deals with *involuntary* deviate sexual intercourse, i.e., a non-consensual act. By its provisions it is clear that it seeks to protect those who are incapable of mature consent from engaging in deviate sexual acts. Thus, the protected victims are those who are subjected to force or threats or are not conscious, suffer from mental impairment, or are under the age of sixteen. On the other hand, while non-consensual inter-

---

**2.** Section 1922 provides in pertinent part:
In ascertaining the intention of the General Assembly in the enactment of a statute, the following presumptions, among others, may be used:
(1) that the General Assembly did not intend a result that is absurd, impossible of execution or unreasonable.

course does fall within the ambit of the statutory rape statute, that provision is primarily directed at consensual activity which nonetheless constitutes a criminal offense due to the age of the actors. Nowhere in § 3122 did the Legislature include the words "involuntary," "threat" or "compulsion," whereas such language does appear in § 3123. In light of the foregoing, it is obvious that the two statutes are not inconsistent and that "we must attempt to find a reasonable way to reconcile [them]." *Lewis v. Erie Ins. Exchange*, 281 Pa.Super. 193, 201, 421 A.2d 1214, 1218 (1980) (citations omitted). By holding that the 1976 amendment applies only to the crime of statutory rape, we readily achieve this goal.[3] *See Consumers Ed. & Protective Ass'n v. Schwartz*, 495 Pa. 10, 23, n. 17, 432 A.2d 173, 180, n. 17 (1981) ("[A] law is not repealed by a later enactment if the two may be operative without repugnance to each other.")

Order reversed. Jurisdiction relinquished and case remanded.

3. In *Commonwealth v. Charles*, 339 Pa.Super. 284, 488 A.2d 1126 (1985), this court discussed the elements of IDSI and commented that "the fifth category of IDSI, deviate sexual intercourse with a person less than 16 years of age, is intended to prohibit any deviate sexual intercourse between an adult and a minor, regardless of consent." *Id.*, 339 Pa.Superior Ct. at 290 n. 3, 488 A.2d 1126, 1129 n. 3. The *Charles* court discussed the discrepancies between gravity scores for a conviction of IDSI where the victim was under 14, and where the victim was 14 or over (but not yet 16) and there was evidence of consent. The court acknowledged the inconsistency of the scores in relation to § 3123 since that statute removes consent as a defense when the victim is under the age of 16. *Id.*, 339 Pa.Superior Ct. at 290, 488 A.2d at 1129. It further observed that § 3123 and § 3122 are inconsistent to the extent that the offense gravity score for statutory rape is uniformly set at 5, whereas the offense gravity score for IDSI with a minor 14 years of age or older and who consented to the act may be reduced from 9 to 5. *Id.*, 339 Pa.Superior Ct. at 291, 488 A.2d at 1129. In the latter case, consent must be proven in order to justify a reduction in the gravity score. In the former case, consent is irrelevant. It is reasonable to infer from this that the *Charles* court considered IDSI to be a more serious offense than statutory rape. At the very least, the court recognized that the Legislature had provided different ages of consent for these two separate offenses. *Id.*