**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Henry Lewis DENNIS, Appellant.**

Superior Court of Pennsylvania.

Submitted April 4, 2001.

Filed Sept. 27, 2001.

M. Susan Ruffner, Public Defender, Pittsburgh, for appellant.

Amy E. Constantine, Assistant District Attorney, Pittsburgh, for Com., appellee.

Before: DEL SOLE, President Judge, EAKIN and BROSKY, JJ.

EAKIN, J.

¶ 1 Henry Lewis Dennis appeals from the judgment of sentence for rape, claiming 18 Pa.C.S. § 3121(a)(6) is unconstitutional and his counsel was ineffective for not raising the issue at trial. We affirm.

¶ 2 The facts were stipulated at appellant's bench trial. In July, 1999, appellant was introduced to the victim by her cousin. Appellant was 18 and the victim was 12. After several meetings, the two had consensual sexual intercourse. The victim's mother became aware of this, and brought her to the hospital for a medical examination, which revealed the victim had contracted gonorrhea.

¶ 3 Appellant was arrested and taken to police headquarters. He waived his rights and admitted he had sex with the victim on two occasions in July, 1999. He claimed he initially believed she was 16, and that on her second visit to his home she said she was 14. Appellant claimed that had he known she was under 16, he would not have had sex with her.

¶ 4 The trial court found appellant guilty pursuant to 18 Pa.C.S. § 3121(a)(6), which provides: "A person commits a felony of the first degree when he ... engages in sexual intercourse with a complainant ... [w]ho is less than 13 years of age." *Id.* Appellant received the minimum permissible sentence, five to ten years imprisonment, then filed this timely appeal, in which he raises the following question:

> Were Appellant Henry Dennis' state and federal constitutional rights violated (a) when he was unconstitutionally convicted of and imprisoned for violating the unconstitutional statute 18 Pa.C.S. § 3121(a)(6), to the extent that § 3121(a)(6)'s age-of-partner element is a strict liability element; (b) when he

was unconstitutionally convicted of violating 18 Pa.C.S. § 3121(a)(6) at a trial which excluded review of whether he acted with the *mens rea* required for § 3121(a)(6)'s age-of-partner element, to the extent that element requires a *mens rea*, and thereafter imprisoned pursuant to that conviction; and/or (c) when his ability to seek appellate relief for the foregoing errors was ineffectively forfeited by trial and prior appellate counsel?

Appellant's Amended Brief, at 4. Essentially, appellant argues that, to the extent Section 3121(a)(6) does not require the offender know the victim is under 13 and does not permit mistake of age as a defense, the statute is unconstitutional. Appellant further claims the imposition of a prison sentence for a crime which does not require a culpable mental state is also unconstitutional.

¶ 5 There is a strong presumption that legislative enactments are constitutional. *Commonwealth v. Brown*, 741 A.2d 726, 733 (Pa.Super.1999). "There is a heavy burden of persuasion upon one who challenges the constitutionality of a statute. A statute will only be found unconstitutional if it clearly, palpably and plainly violates the Constitution." *Id.*, at 733 (citations omitted). Appellant has not met this heavy burden.

¶ 6 Prior to the addition of subsection (a)(6) to § 3121 in 1995, culpability for intercourse based upon the age of the victim was imposed by the statutory rape statute, 18 Pa.C.S. § 3122. *See* Act 1972, Dec. 6, P.L. 1482, No. 334, § 1 (person who is 16 or older commits second degree felony by having sex with person not his spouse who is under 16). In 1972, mistake of the victim's age was a defense to statutory rape, but in 1976, the statutory rape statute was amended to require the perpe-

trator be 18 or older, and the victim be under 14. Given the increase in the age of culpability and the decrease in the age of consent, a mistake regarding the victim's age was eliminated as a defense. *See* Act 1976, May 18, P.L. 120, No. 53, § 1.

¶ 7 Section 3122 was repealed March 31, 1995, and its subject matter incorporated into § 3122.1. Titled "statutory sexual assault," § 3122.1 criminalizes sex with a non-spouse who is under 16, if the perpetrator is four or more years older than the victim; mistake of age is a defense.

¶ 8 At the same time, subsection (a)(6) was added to the rape statute, 18 Pa.C.S. § 3121, making sex with a victim under 13 a crime; thus, mistake of age is not a defense to § 3121(a)(6). Section § 3102, which applies to the offenses of Chapter 31 of the Crimes Code, provides:

> Except as otherwise provided, whenever in this chapter the criminality of conduct depends on a child being below the age of 14 years, it is no defense that the defendant did not know the age of the child or reasonably believed the child to be the age of 14 or older.

18 Pa.C.S. § 3102.

¶ 9 An identical argument was advanced in *Commonwealth v. Robinson,* 497 Pa. 49, 438 A.2d 964 (1981), where an 18-year-old was convicted of statutory rape after having sex with a 13-year-old. At that time, mistake of age was not a defense to statutory rape; the defendant claimed the statute was unconstitutional because precluding this defense resulted in his being "convicted on this felony on the basis of strict criminal liability without proof of *mens rea* or culpability in violation of his right to due process of law...." *Id.,* at 965. In affirming the conviction, the Supreme Court held:

> Although due process considerations impose some limitations on the absence of a knowledge requirement from the defi-

nition of a criminal offense,...due process does not require that the appellant be afforded the defense of mistake of the victim's age in a statutory rape prosecution.

*Id.,* at 966–67 (citation and footnote omitted).

¶ 10 The *Robinson* Court reasoned that the legislature, in a valid exercise of its police powers,

> rationally may require that one eighteen years of age or older who engages in sexual intercourse with a child below fourteen years of age does so at his own peril. Such activity may be punished criminally if the child is indeed under fourteen years. In that event, a defendant may be denied the defense as to mistake or misrepresentation as to the child's age.

> The primary consideration in prohibiting unlawful, consensual intercourse with an underage female has been traditionally attributed to the legislative desire to protect those who are too unsophisticated to protect themselves.

*Id.,* at 966 (citation omitted).

¶ 11 Here, as in *Robinson,* the victim belongs to the class of citizens protected by the statute: persons under the age of 13, who are deemed incapable of protecting their own interests. As the Supreme Court noted in *Commonwealth v. Albert,* 563 Pa. 133, 758 A.2d 1149 (2000): "[T]he subject legislation serves a legitimate state interest.... Such an interest recognizes that older, more mature individuals are in a position that would allow them to take advantage of the immaturity and poor judgment of very young minors." *Id.,* at 1154. *Albert* addressed the constitutionality of provisions in 18 Pa.C.S. §§ 3122.1, 3123, 3125 and 3126, where criminality of the conduct depended on the victim being under 16. This rationale is

even more compelling where the victim is under 13, as in the present case. Regardless of the victim's consent or of appellant's purported belief she was 14 or 16, appellant is criminally liable for rape.

¶ 12 Appellant further argues that even if he is guilty, the imposition of a prison sentence for a crime that does not require proof of *scienter* is unconstitutional. Although a culpable mental state is generally required before criminal sanctions may be imposed, *see Morissette v. United States,* 342 U.S. 246, 250–51, 72 S.Ct. 240, 96 L.Ed. 288 (1952), "[e]xceptions came to include sex offenses, such as rape, in which the victim's actual age was determinative despite defendant's reasonable belief that the girl had reached age of consent." *Id.,* at 251 n. 8, 72 S.Ct. 240. Appellant engaged in sex with a 12–year-old, a person understandably deemed incapable of consenting; consequently, he is guilty of rape, a first degree felony, for which the maximum term of imprisonment is more than he received. *See* 18 Pa.C.S. § 106(b)(2).

¶ 13 The statute prohibits conduct that has long been condemned by our society. While the relevant ages have changed from time to time, the gap in age has widened, making it certain that a violation involves a disparity and a youthfulness that makes any "mistake" more than mere inadvertence. Appellant was fully half-again the victim's age. The unavailability of mistake of fact as a defense does not alter his culpability.

¶ 14 Because appellant's arguments are without merit, his claim that counsel was ineffective for failing to challenge the constitutionality of subsection (a)(6) also fails; counsel cannot be deemed ineffective for failing to assert a meritless argument.

*Commonwealth v. Gaskins,* 692 A.2d 224, 228 (Pa.Super.1997).

¶ 15 Judgment of sentence affirmed.