806 A.2d 893 (2002)
In the Interest of B.A.M.
Appeal of B.A.M.
In re B.A.M.
Superior Court of Pennsylvania.
Submitted June 24, 2002.
Filed September 3, 2002.
David R. Crowley, Public Defender, Bellefonte, for appellant.
J. Karen Arnold, Asst. Dist. Atty., Bellefonte, for Commonwealth, appellee.
Before: LALLY-GREEN, OLSZEWSKI, and MONTEMURO,[*] JJ.
OLSZEWSKI, J.
¶ 1 In this appeal, B.A.M. challenges his November 26, 2001, adjudication of delinquency and the December 28, 2001, order requiring his family to pay restitution. We vacate both orders.
¶ 2 On June 29, 2001, the eleven-year-old appellant and his friend, J., also an eleven-year-old boy, went bike riding in the woods. Once there, they performed anal *894 sex on one another. While thus engaged, J. somehow got chewing gum on his penis. Later that evening, while attempting to remove the gum, he was discovered by his grandmother to whom he reported that appellant forced him to participate in sexual activity.
¶ 3 Appellant was charged with rape under 18 Pa.C.S.A. § 3121(a)(1) (forcible compulsion), and (a)(6) (victim under 13); involuntary deviate sexual intercourse, 18 Pa.C.S.A. § 3123(a)(1) (forcible compulsion), and (a)(6) (victim under 13); and sexual assault based on lack of consent. After a hearing on October 19, 2001, the trial court adjudicated appellant delinquent only of rape (victim under 13) and IDSI (victim under 13), further concluding that there had been no forcible compulsion or lack of consent.
¶ 4 Appellant now appeals the determination of delinquency and raises the following issues for review:
1. Whether the trial court erred in concluding that an 11 year old who has sex with another 11 year old could be found to have committed the offenses of Rape and Involuntary Deviate Sexual Intercourse based solely upon the provision in each statute which outlaws engaging in sexual intercourse with a person who is less than 13 years old.
2. If the underlying decision is upheld, whether the judge erred in ordering the juvenile to submit a DNA sample.
3. Whether the Judge erred in ordering the juvenile to pay restitution after the underlying matter had been appealed.
Appellant's Brief at 13-23.
¶ 5 We need only address appellant's first contention, which points out the absurdity of holding an 11-year-old boy criminally responsible for having consensual sexual relations with another 11-year-old boy.
¶ 6 "The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S.A. § 1921(a). Further, the General Assembly does not intend a result that is absurd, impossible of execution, or unreasonable. 1 Pa.C.S.A. § 1922(1). In interpreting statutes, "a court should not assign a contrived meaning to clear language, nor should it construe the statute or provision in question so as to promote or further absurd results." Crosby by Crosby v. Sultz, 405 Pa.Super. 527, 592 A.2d 1337, 1344-45 (1991).
When the words of a statute are not explicit, the intention of the General Assembly may be ascertained by considering, among other matters: (1) the occasion and necessity for the statute; (2) the circumstances under which it was enacted; (3) the mischief to be remedied; (4) the object to be attained; (5) the former law, if any, including other statutes upon the same or similar subjects; (6) the consequences of a particular interpretation; (7) the contemporaneous legislative history; (8) legislative and administrative interpretation of such statute.
1 Pa.C.S.A. § 1921(c).
¶ 7 Section 3121(a)(6) provides "[a] person commits a felony of the first degree when he or she engages in sexual intercourse with a complainant ... who is less that 13 years of age." Similarly, section 3123(a)(6) states, "[a] person commits a felony of the first degree when he or she engages in deviate sexual intercourse with a complainant ... who is less than 13 years of age." At issue here is whether the word "person" in both statutory sections must be interpreted so broadly as to include both children and adults.
*895 ¶ 8 We begin our discussion by noting the trial court's conclusion that "[t]he statute does not exclude from criminal liability a "sexual actor" under thirteen (13) years of age who engages in sexual activity with another under the age of thirteen(13)." (Trial Ct. Op. at 3.) The court reasoned that this decision was compelled by our holding in Commonwealth v. Lawson, 759 A.2d 1 (Pa.Super.2000), appeal denied 565 Pa. 640, 771 A.2d 1281 (2001). There we found that the word "person" as used in 18 Pa.C.S.A. § 6310.1, which criminalizes the sale or supply of alcoholic beverages to a person under 21, includes both adults and minors because the plain meaning of "person" implied no age limitation. Id. at 4. As is made clear, however, by a comparison of the legislative intent underlying the alcohol statute with the purpose behind those provisions under which appellant was adjudicated, we are not bound by Lawson.
¶ 9 18 Pa.C.S.A. § 6310.1 was enacted to exclude those under 21 from access to alcoholic beverages. The statute criminalizes the provision of alcohol to such persons by anyone regardless of age, because of the Legislature's long held and repeatedly expressed intent that no one under the age of 21 may legally possess or consume intoxicants. Moreover, the underage recipients of the alcoholic beverages are also liable for criminal penalty under 18 Pa.C.S.A. Sec. 6308 (Purchase, consumption, possession or transportation of liquor or malt or brewed beverages). Therefore, it is not unreasonable to penalize, e.g., a 17-year-old for supplying alcohol to a coeval, since the possession of alcohol by either is a priori illegal.
¶ 10 Section 6308 because it regulates liquor distribution, a matter subject to the police powers of government, typifies the kind of public welfare offenses for which the Legislature imposes absolute criminal liability. Commonwealth v. Parmar, 551 Pa. 318, 710 A.2d 1083, 1089 (1998). Other such laws regulate traffic. Id. Where a legislative purpose to impose strict criminal liability is not explicit, a determination of whether it is intended requires examination of the severity of the punishment imposed by the statute, the effect of such punishment on the defendant's reputation, and the common law origin of the crime involved. Id. Our Supreme Court long ago settled in the affirmative the question of whether supplying liquor to minors is to be classified as a strict liability crime, even where the infraction is vicarious. See Commonwealth v. Koczwara, 397 Pa. 575, 155 A.2d 825 (1959). Section 6308 is therefore punitive.
¶ 11 In contrast, the statutes before us are deliberately protective, specifically intended by the Legislature to shield young children from sexual predation by older teenagers and adults. The penalties for violation are severe, as both crimes are first-degree felonies, and the nature of the crime is one which, at the very least, reflects badly on the character of the offender. Moreover, as 18 Pa.C.S.A. Sec. 302(b)(1)(I) provides: "A person acts intentionally with respect to a material element of an offense when ... if the element involves the nature of his conduct or a result thereof, it is his conscious object to engage in conduct of that nature or cause such a result." Thus, rape is an intentional crime in that effectuating the sexual act is purposeful. Here, appellant and only appellant was adjudicated delinquent of two first-degree felonies for participating in consensual sex with a person his own age, a result which would not have occurred had both children been thirteen. This result is ludicrous, as an examination of subsections (a)(6) of both statutes demonstrates.
*896 ¶ 12 "Prior to the addition of subsection (a)(6) to § 3121 in 1995, culpability for intercourse based upon the age of the victim was imposed by the statutory rape statute, 18 Pa.C.S.A. § 3122." Commonwealth v. Dennis, 784 A.2d 179, 180 (Pa.Super.2001), appeal denied, 568 Pa. 733, 798 A.2d 1287 (2002). The earlier statute provided that a person 18 years of age or older committed statutory rape by engaging in sexual intercourse with a person less than 14 years of age. See 18 Pa.C.S.A. § 3122 (repealed). When Section 3122 was repealed, its subject matter was incorporated into § 3122.1, Statutory Sexual Assault. Dennis, 784 A.2d at 181. Contemporaneously, subsection (a)(6) was added to the rape statute. Id. Thus, subsection (a)(6) applies to the age range not covered by new statutory sexual assault provisions.[1]
¶ 13 In addressing a constitutional challenge to the old statutory rape law, our Supreme Court stated: "[T]he legislature rationally may require that one eighteen years of age or older who engages in sexual intercourse with a child below fourteen years of age does so at his peril." Commonwealth v. Robinson, 497 Pa. 49, 438 A.2d 964, 966 (1981). The Court also noted that "[t]he felony of statutory rape, which carries a penalty of up to ten years' imprisonment, is an offense based solely on the ages of the accused and the complainant." Id. at 967 (emphasis added). This Court, too, recognized that "Section 3123(5) [now § 3123(a)(6) ] and 3122 [statutory rape] are both aimed at protecting children who fall below a certain age." Commonwealth v. Garner, 371 Pa.Super. 408, 538 A.2d 506, 508 (1988), appeal denied, 520 Pa. 582, 549 A.2d 914 (1988), cert. denied, 488 U.S. 1009, 109 S.Ct. 793, 102 L.Ed.2d 784 (1989). Further, "[i]t appears that the fifth category of IDSI [now (a)(6) ], deviate sexual intercourse with a person less than 16 [now 13] years of age, is intended to prohibit any deviate sexual intercourse between an adult and a minor." Commonwealth v. Charles, 339 Pa.Super. 284, 488 A.2d 1126, 1129 n. 3 (1985) (emphasis added). Because the Legislature deemed a minor incapable of consent, it deleted the lack of consent element from the crime. Id.
¶ 14 In addressing a constitutional challenge to the statutory sexual assault statute, our Supreme Court adopted the Commonwealth's explanation for the necessity of these protective provisions:
The Commonwealth submits that the Legislature has a legitimate state interest in protecting children from sexual predators and the harms that children under the age of 16 may experience from both consensual and non-consensual sexual contact with both adults and older teenagers. In general, the immaturity of children under the age of 16 and children four years younger than the actor, who is either an older teenager or adult; warrants government protection. The government has a legitimate interest in assuring that a significantly older individual cannot take advantage of a young child's complete lack of knowledge, inexperience or poor judgment. There is a legitimate state interest in fostering healthy surroundings to yield well-adjusted citizens, free of social and psychological scars.
* * * * * *
In addition, the Legislature recognized the seriousness of the problems associated *897 with teenage sexual behavior and crafted four statutes that criminalize sexual contact between children under 16 and significantly older teenagers and adults. The Commonwealth submits that the Legislature properly recognized that unfair advantages of more mature individuals allow them to take advantage of younger less experienced children. The onus of sexual responsibility must be placed on the older more mature individual in the relationship. Consent is not an issue. The physical and psychological protection of young children is at issue. But at the same time, the Legislature was cognizant of the fact that there is an overlapping in social crowds between younger teenagers under 16 years of age and older teenagers over 16 years of age that should not warrant immediate criminalization of sexual contact between them.
* * * * * *
The Commonwealth submits that the Legislature could not turn a blind eye to the reality of a normal teenage experience. In direct response and in recognition of the likelihood, if not certainty, of social interactions between youths of different ages, the Legislature imposed a reasonable four year scale that acknowledges and permits this normal social interaction, yet protects against undue influence of more mature individuals. In effect, the Legislature has set forth a meaningful guideline that allows protection of its legitimate state interest in protecting the young, but that allows for the needed flexibility to only criminalize and penalize social contact that is predatory in nature and committed by significantly older teenagers and adults.

Commonwealth v. Albert, 563 Pa. 133, 758 A.2d 1149, 1153-54 (2000) (emphasis added).
¶ 15 After considering the pronouncements quoted above, in conjunction with the principles of statutory construction enunciated in 1 Pa.C.S.A. § 1921(c), supra, we find that the Legislature did not intend to criminalize consensual sexual activity between peers. Rather, it is clear that these statutes and their predecessors were designed to protect from older predators children who, by virtue of their immaturity, lack of information, and uninformed judgment, were unable to consent to sexual relations. In order to remove as a defense the assertion by an adult or older teen that a child willingly participated in sexual activity, the Legislature enacted into law the principle that any child under 13 is incapable of consent, i.e., incapable of understanding the implications and consequences of the act.
¶ 16 As already noted, the old statutory rape law, a rare example of a strict liability statute directed at offenses other than those involving liquor or traffic, specifies that a perpetrator must be over 18. This requirement was not included when subsection (a)(6) was added to the rape statute. Rather, the emphasis on age differences in the language of the replacement statutory sexual assault law makes clear that the Legislature intended to exclude from prosecution consensual sexual activity within peer groups, criminalizing behavior only where the ages of the participants were significantly disparate and/or the acts were not mutually agreed upon.
¶ 17 Our appellate courts have stated definitively that these enactments were designed to protect children from exploitation by their elders. In Albert, our Supreme Court made it clear that the punishment of teenagers for normal sexual contact with their peers was not the Legislature's objective. See id. The Court observed that the goal of the legislation is "to only criminalize and penalize social *898 contact that is predatory in nature and committed by significantly older teenagers and adults." Id. Thus, consensual sexual relations between two 16-year-olds is not criminal. The same behavior between an older person and a child under 13, however, obviously renders the former subject to criminal penalty. There can then be no legitimate interest in prosecuting consensual sexual activity between two children under 13. Any contrary conclusion would lead only to absurdity.
¶ 18 Moreover, the children here are both deemed by the Legislature to be incapable of consenting to sexual activity. If, by virtue of age alone a child under 13 is incapable of consenting to sexual activity, he or she must be presumed, absent clear evidence to the contrary, to be equally incapable, in any sense implicating criminal liability, of initiating such conduct.[2] Otherwise, appellant's adjudication becomes a matter of strict criminal liability without any demonstration that the sexual result, which is an element of the crimes charged, was ever intended, or could have been intended to occur. It is therefore absurd to penalize one youngster while the other faces no sanction for precisely the same behavior. Either both boys must be punished/counseled/treated, or neither can be; as the trial court definitively found, both boys were willingly participants and J. was not victimized by the experience. The law was not intended to render criminal per se the experimentation carried on by young children, even where the acts may evoke disapprobation or censure.
¶ 19 The Legislature chose 13 as the age of consent. Once a per se mental ability or disability is assigned to persons in this age group, the same categorization cannot be applied to include some and exclude others of that same age, absent clear proof that exemption is justifiable. No such evidence exists here, and clearly, such a situation was not contemplated when the statutes were drafted. Such a conclusion underscores the unintended irony of the trial court's finding that the only legitimate focus of concern must be the victim, because of his "status as a delicate minor." (Trial Ct. Op. at 3).
¶ 20 Unlike the situation involving alcohol statutes, where both the supplier of the alcohol and its recipient are susceptible to prosecution, here only one participant faced punishment, and then merely because J., under what adult compulsion is unclear, went to the police first. We refuse to afford one willing participant such ascendancy over the other when both were equal "offenders." Such a result is not only irrational, but a travesty of justice.
¶ 21 In sum, since the purposes of the statutes examined in Lawson and here are completely different in both intention and result, the word "person" on which the trial court's decision turns need not be interpreted similarly. We will not construe subsection (a)(6) of either section 3121 or 3123 to promote further absurd results; therefore, we vacate the order adjudicating appellant delinquent.
¶ 22 Orders vacated.[3] Appellant is discharged.
NOTES
[*] Retired Justice assigned to the Superior Court.
[1] § 3122.1 provides "Except as provided in section 3121 (relating to rape), a person commits a felony of the second degree when that person engages in sexual intercourse with a complainant under the age of 16 years and that person is four or more years older than the complainant and the complainant and the person are not married to each other."
[2] Capacity to commit the crimes charged was not a defense in this matter; thus, this Court's holding in In Interest of G.T., 409 Pa.Super. 15, 597 A.2d 638 (1991) (en banc), is not implicated.
[3] Appellant also argues that the lower court erred by entering a restitution order after the delinquency adjudication had been appealed. In its 1925(a) opinion, the trial court acknowledges that it was divested of jurisdiction as soon as notice of appeal on the underlying order was filed, but, unaware that the appeal had been filed, entered the restitution order. Thus, the court requests that we either vacate the order or remand for that purpose. Given our disposition of this matter, the order is vacated in any event.