J-A04028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INT. OF: C.N.S., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1104 MDA 2017 |

Appeal from the Order Entered May 10, 2017
In the Court of Common Pleas of Mifflin County Juvenile Division at
No(s): CP-44-JV-0000008-2017

BEFORE: STABILE, J., NICHOLS, J., and RANSOM, J.[*]

MEMORANDUM BY NICHOLS, J.: **FILED MARCH 13, 2018**

Appellant C.N.S. appeals from the dispositional order[1] entered after his adjudication of delinquency for acts constituting indecent assault (without consent) and indecent assault (complainant less than 13 years of age).[2] Appellant challenges the sufficiency and weight of the evidence. We affirm.

The juvenile court aptly summarized the evidence presented at the adjudication hearing.

> The matter before this [c]ourt involves allegations of indecent assault by [Appellant] against the victim . . . on multiple

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant purported to appeal from the order denying his post-dispositional motions. However, an appeal properly lies from the dispositional order made final by the denial of post-disposition motions, and we have amended the caption accordingly. **See In Interest of N.C.**, 171 A.3d 275, 278 n.1 (Pa. Super. 2017).

[2] 18 Pa.C.S. § 3126(a)(1), (7).

occasions. [Appellant] was born in March of 2004. [The victim] was born in August of 2008. Both the [Appellant] and [the victim] were under 13 years of age at the time the alleged indecent assault occurred. [Appellant] and [the victim] share the same biological father (Father).

The first instance of alleged assault occurred in May of 2015 at the home of [Father]. Initially, [Appellant], [Father], and [Appellant's] step mother were watching a movie while [the victim] played in a tent in an adjacent room of the house. At some point, [Appellant's] Father and step mother fell asleep for a period of approximately 15-20 minutes. During this time, [Appellant] left the room where Father and step mother were asleep and joined [the victim] in the adjacent room. According to the testimony of [the victim], the two began playing a game and eventually [Appellant] did "inappropriate stuff" to her while inside the tent. [The victim] testified that at one point, while she was laying on her back, [Appellant] pulled her shorts down and began to lick her "vulva" with his tongue. [The victim] clarified that her "vulva" was where she "peed from." According to [the victim], [Appellant] then proceeded to get on top of her and that his "private parts" touched her "private parts", although only on the outside. [The victim] denied that any part of [Appellant's] body ever penetrated her private parts. After [Appellant] left the home, [the victim] relayed what had happened in the tent to her mother, [R.S.].

The second instance of alleged abuse occurred at the home of the minor children's grandmother, [N.S.] [the victim] testified that during a visit, she and [Appellant] were playing behind the couch in the living room when he began kissing her on the lips. [The victim] denied seeing [Appellant's] private parts on this occasion and denied any inappropriate touching. Both [Appellant] and [the victim] were fully clothed during this incident. [The victim] stated that [Appellant] eventually asked her, "will you marry me?" to which she responded "no." [N.S.] eventually demanded the children come out from behind the couch. She denied seeing any inappropriate behavior as the couch and a quilting rack obstructed her view.

The third instance of alleged abuse also occurred at the home of [N.S.]. [The victim] testified that, at the time of this incident, she and [Appellant] were in the yard and were secluded behind a "weed patch" which obstructed their view of the house. [The victim] stated that here, again, [Appellant] removed her pants

and licked her "vulva" with his tongue while she was lying on her back. However, during this incident, [the victim] alleged that [Appellant] also removed his pants and asked her to lick his private part. [The victim] refused and denied that any other inappropriate touching occurred during this incident.

The fourth and final instance of alleged abuse again occurred at the home of [N.S.]. [The victim] alleged that she was on a couch in the living room watching television. [Appellant] was seated nearby on the floor. [Appellant] proceeded to pull her off the couch and onto his lap where he began kissing her. [The victim] denied any other inappropriate touching during this incident.

In all instances of alleged abuse, [the victim] denied that any part of [Appellant's] body penetrated her. [The victim] also stated that after each instance of abuse, [Appellant] told her not to tell anyone what happened but that she did eventually tell her parents. Testimony from [Father and R.S.] revealed that they contacted Children and Youth Services and the Pennsylvania State Police following these incidents. None of the alleged instances of sexual abuse were witnessed by third parties who could either confirm or deny their validity but [Appellant] did admit on at least two separate occasions that sexual contact did occur.

Juvenile Ct. Op., 4/11/17, at 1-3.

At the conclusion of the adjudication hearing on March 31, 2017, the parties stipulated that there was insufficient evidence to support the alleged acts constituting sexual assault and aggravated indecent assault, and the juvenile court granted Appellant's motion to dismiss those allegations.

On April 11, 2017, the juvenile court entered an order and opinion adjudicating Appellant delinquent for acts constituting indecent assault (without consent) and indecent assault (complainant under 13 years of age). Based on the victim's description of the first incident, the court concluded that there was "sufficient evidence to conclude that indecent assault occurred

involving [Appellant's] tongue and the victim's genitalia on at least one occasion." *Id.* at 5. The court further credited the victim's testimony that Appellant inappropriately kissed her in the second and fourth incidents.

However, with respect to the first incident, the juvenile court noted that it could not "definitively say that [Appellant] touched the victim's genitalia with his genitalia," as the victim seemed "less certain" with regard to that portion of her testimony. *Id.* at 5. Additionally, given the fact that other children were nearby during the alleged incident at the weed patch in the third incident, the court was "not convinced that this encounter could have taken place without drawing the attention of other nearby individuals." *Id.* As a result, the court rejected the victim's testimony with regard to the third alleged incident at the "weed patch."

A dispositional hearing was subsequently held on May 10, 2017, at which point Appellant was placed in custody. On May 19, 2017, Appellant filed a post-dispositional motion, challenging, *inter alia*, weight of the evidence, which the court denied on June 13, 2017. Appellant timely filed a notice of appeal on July 12, 2017. Both Appellant and the juvenile court complied with Pa.R.A.P. 1925.

Appellant raises three questions for review,[3] which we have reordered as follows:

_____

[3] Appellant raised a fourth issue in his statement of questions raised on appeal, namely: "Did the [juvenile] court fail to enter a timely finding pursuant to

1. Did the Commonwealth present sufficient evidence to find, beyond a reasonable doubt, that [Appellant] engaged in a "course of conduct" by kissing [the victim] thereby increasing the grading of 18 Pa.C.S.A. § 3126(a)(7) from a misdemeanor of the 1st degree to a felony of the 3rd [d]egree[?]

2. Can a juvenile, under the age of thirteen, be adjudicated delinquent of indecent assault, 18 Pa.C.S.A. § 3126(a)(7)?

3. Was the adjudication of delinquency for indecent assault, 18 Pa.C.S.A. § 3126(a)(7)(F3) against the weight of the evidence?

Appellant's Brief at 5 (some capitalization omitted).

In his first two arguments, Appellant challenges the sufficiency of the evidence supporting his adjudication of delinquency for indecent assault (complainant less than 13 years of age). Our standard of reviewing a challenge to the sufficiency of evidence is as follows:

When a juvenile is charged with an act that would constitute a crime if committed by an adult, the Commonwealth must establish the elements of the crime by proof beyond a reasonable doubt. When considering a challenge to the sufficiency of the evidence following an adjudication of delinquency, we must review the entire record and view the evidence in the light most favorable to the Commonwealth.

In determining whether the Commonwealth presented sufficient evidence to meet its burden of proof, the test to be applied is whether, viewing the evidence in the light most favorable to the Commonwealth, and drawing all reasonable inferences therefrom, there is sufficient evidence to find every element of the crime charged. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by wholly circumstantial evidence.

---

Pa.R.Juv.P. 408A warranting discharge of [Appellant?]" Appellant's Brief at 5. Appellant, however, has expressly withdrawn this claim for consideration. *Id.* at 5, 28-29. Therefore, we will not address it.

The facts and circumstances established by the Commonwealth need not be absolutely incompatible with [the juvenile's] innocence. Questions of doubt are for the hearing judge, unless the evidence is so weak that, as a matter of law, no probability of fact can be drawn from the combined circumstances established by the Commonwealth.

*In re A.V.*, 48 A.3d 1251, 1252-53 (Pa. Super. 2012) (citation omitted).

As an appellate court, we must review the entire record . . . and all evidence actually received[.] [T]he trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence. Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary.

*In re C.R.*, 113 A.3d 328, 333-34 (Pa. Super. 2015) (citations and quotation marks omitted).

First, Appellant contends that the Commonwealth failed to establish that the two "kissing incidents" were sexual in nature. Appellant's Brief at 19. Although Appellant concedes that a person's mouth and lips are considered an intimate part of one's body, Appellant's conduct was mere familial affection. *Id.* Appellant thus asserts that the juvenile court erred in finding that his acts constituted felony-three indecent assault based on a course of conduct. *Id.* at 11.

Section 3126 of the Crimes Code defines indecent assault, in relevant part, as follows:

A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and . . . the complainant is less than 13 years of age[.]

18 Pa.C.S. § 3126(a)(7). "Indecent contact" is defined as "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa.C.S. § 3101.

Indecent assault - complainant under 13 is generally graded as a misdemeanor of the first degree. 18 Pa.C.S. § 3126(b)(3). However, the conduct constitutes a felony of the third degree if "[t]here has been a course of conduct of indecent assault by the person." 18 Pa.C.S. § 3126(b)(3)(ii). This Court has construed a "course of conduct" as requiring proof of "multiple acts over time." **Commonwealth v. Kelly**, 102 A.3d 1025, 1031 (Pa. Super. 2014) (*en banc*) (interpreting the phrase as used in the corruption of minors statute, 18 Pa.C.S. § 6301(a)(1)(ii)).

The juvenile court addressed Appellant's claim as follows:

[T]he victim's testimony at the Disposition Hearing held May 10, 2017, established that the kissing incidents with [Appellant] were not mere familial affection. During said testimony, the victim displayed an understanding that touching the intimate parts of another was inappropriate and specifically referred to the contact between her and [Appellant] as "inappropriate stuff". Further, the victim reported the sexual contact to her parents which indicates to this [c]ourt a desire for protection and prevention of further sexual contact. Finally, this [c]ourt heard testimony from . . . the victim's therapist . . . , which indicated the victim likely suffers from Post-Traumatic Stress Disorder and that the emotional distress exhibited by the victim in response to the incidents with [Appellant] is typical of a victim of sexual abuse. As a result, this [c]ourt does not believe that the kissing incidents were mere familial affection.

Juvenile Ct. Order, 6/13/17, at 4.

The juvenile court also concluded that

> while the incidents in which [Appellant] kissed the victim both occurred in the same general location . . . the incidents occurred at separate times and on separate occasions and were not part of the same incident. Therefore, there is sufficient evidence to establish a pattern of actions, composed of more than one act over a period of time[.]

*Id.* at 13.

Following our review of the record, we find no error in the juvenile court's conclusions. Viewing all of the evidence actually received in the light most favorable to the Commonwealth, and drawing all reasonable inferences therefrom, there was sufficient evidence for the court to find Appellant kissed the victim for the purposes of sexual arousal or gratification. Additionally, we note the record supports the court's finding that Appellant licked the victim on or near her genitalia on at least one occasion. Given the clear sexual nature of that conduct, it was reasonable for the court to infer that the kisses between Appellant and the victim were of a sexual nature and adjudicate him delinquent for indecent assault.

Moreover, because the evidence also established that Appellant engaged in two acts of kissing the victim for sexual purposes, there was a "course of conduct of indecent assault" as required by 18 Pa.C.S. § 3126(b)(3)(ii). *Cf. Kelly*, 102 A.3d at 1031. Therefore, Appellant's challenge to the sufficiency of the evidence supporting his adjudication for felony-three indecent assault (complainant less than 13 years of age) fails.

Appellant next contends that his adjudication cannot stand because an individual under 13 years old is incapable of predatory sexual conduct. In

support, Appellant relies on this Court's holding in **In re B.A.M.**, 806 A.2d 893 (Pa. Super. 2002).

**B.A.M.** involved two eleven-year-old boys, B.A.M. and J., who rode their bikes into the woods. **Id.** at 893. Once there, they performed anal sex on one another. **Id.** at 893-94. At some point, J. got chewing gum on his penis. **Id.** at 894. That evening, J.'s grandmother saw J. trying to remove the gum. J. told his grandmother that B.A.M. had forced him to participate in the sexual activity. **Id.** Following the incident, the Commonwealth filed a delinquency petition against only one of the boys, B.A.M.

The juvenile court adjudicated B.A.M. delinquent for acts constituting rape (victim under 13) and involuntary deviate sexual intercourse (IDSI) (victim under 13), but dismissed the allegations regarding forcible compulsion and lack of consent. **Id.** B.A.M. appealed, contending that "an 11–year–old boy [should not be held] criminally responsible for having consensual sexual relations with another 11–year–old boy." **Id.** On appeal, this Court reversed B.A.M.'s adjudication.

In its analysis, the **B.A.M.** Court concluded there is "no legitimate interest in prosecuting consensual activity between two children under 13. Any contrary conclusion would lead only to absurdity." **Id.** The Court reasoned that the legislature intended to protect children from older predators, but did not intend to criminalize mutually agreed-upon sexual activity between juveniles in the same peer group. **Id.** at 897. Therefore, the Court suggested that while sexual activity between peers is not necessarily

a crime, the same behavior becomes criminal when the ages of the participants are "significantly disparate and/or the acts were not mutually agreed upon." *Id.*

The *B.A.M.* Court continued:

If, by virtue of age alone a child under 13 is incapable of consenting to sexual activity, he or she must be presumed, absent clear evidence to the contrary, to be equally incapable, in any sense implicating criminal liability, of initiating such conduct. . . . It is therefore absurd to penalize one youngster while the other faces no sanction for precisely the same behavior. Either both boys must be punished/counseled/treated, or neither can be; as the trial court definitively found, both boys were willingly participants and J. was not victimized by the experience. The law was not intended to render criminal *per se* the experimentation carried on by young children, even where the acts may evoke disapprobation or censure.

*Id.* at 898 (footnote omitted).

This Court has consistently limited *B.A.M.* to the facts of that case. In *C.R.*, a twelve-year-old juvenile relied on *B.A.M.* to claim that he could not be adjudicated delinquent for sexual acts because he was under thirteen years of age. *See C.R.*, 113 A.3d at 333-34. The *C.R.* Court rejected the juvenile's argument, noting that the *B.A.M.* Court did "not hold that a 13-year-old cannot be held criminally liable for **initiating** sexual activity; rather, it held that one child could not be held criminally liable for the acts of two 11-year-olds who consensually engaged in the conduct." *Id.* at 334 (emphasis in original). The *C.R.* Court further emphasized that the record in *B.A.M.*

established that the acts at issue were consensual.[4]   Additionally, this Court

reiterated the limited holding of **B.A.M.**, explaining that "[w]ere we to have

worded our holding in **B.A.M.** more precisely, we would have strictly limited

the holding to its facts wherein mutually agreed upon sexual activity between

peers under the age of 13 is not a crime." **Id.** at 335 (citation omitted).

For the reasons set forth in **C.R.**, we find Appellant's reliance on **B.A.M.**

to be unavailing.   First, the instant case does not involve peers.   Appellant

was eleven years old when he committed the subject acts against a six-year-

old.   Second, the record supports the juvenile court's finding that Appellant

committed the acts without the victim's consent and there is no basis in the

record to conclude that the sexual activities constituted mutually agreed-upon

conduct.   Lastly, were we to extend **B.A.M.** in the manner that Appellant

suggests, it would effectively absolve individuals under the age of thirteen

from criminal liability in any sex case.   **See C.R.**, 113 A.3d at 335.

Finally, Appellant contends that the juvenile court's finding of

delinquency was against the weight of the evidence. Appellant argues that the

victim lacked credibility due to the victim's age, the amount of testimony that

was rejected, the lack of corroborating evidence, and the "[victim's]

undisputed reputation for 'stretching the truth.'" Appellant's Brief at 11.

---

[4] Appellant argues that **C.R.** is distinguishable because that case involved a victim who was deemed incapable of consenting because of a mental disability.   **See C.R.**, 113 A.3d at 334 (citing 18 Pa.C.S. § 3123(a)(5)). However, any distinctions grounded in the victim's mental capacity or age is immaterial given Appellant's argument that he was incapable of initiating sexual activity based on his age.

- 11 -

Appellant notes that two of the original delinquent acts (sexual assault and aggravated indecent assault) were dismissed at the conclusion of the adjudicatory hearing and that the juvenile court found portions of the victim's testimony regarding the first incident inside the tent were not credible. *Id.* at 21. Appellant also argues that there were inadequate opportunities for Appellant to have committed the subject acts and the allegations against Appellant arose in the context of an ongoing custody dispute. *Id.* at 22.

In assessing a weight of the evidence claim, our standard of review is well-settled.

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.
>
> This Court applies the same standard for reviewing weight claims in juvenile cases. In considering weight of the evidence claims, it is not the function of an appellate court to substitute its judgment based on a cold record for that of the judge who conducted the juvenile adjudication hearing. Credibility is for the trier of fact, who is free to believe all, part or none of the evidence presented. A challenge to the weight of the evidence concedes that sufficient evidence exists to sustain the verdict, but questions which evidence is to be believed. An appellate court reviews the trial court's exercise of discretion, not the underlying question of whether the verdict is against the weight of the evidence.

*In re R.N.*, 951 A.2d 363, 370-71 (Pa. Super. 2008) (citations omitted).

The juvenile court, when considering Appellant's weight of the evidence claim, acknowledged that it found portions of the victim's testimony to be incredible with respect to genital-to-genital contact during the first incident and as to the third incident in its entirety. The court opined that

> the rest of the victim's testimony remains credible so far as her claim that [Appellant] touched her genitalia with his tongue during the incident in May of 2015 and that [Appellant] kissed her on intimate areas of her body on multiple other occasions. Throughout her examination and cross-examination, the victim remained adamant that these acts had occurred. Further, the victim's consistent reporting of the sexual contact to her parents and the testimony from [the victim's therapist] regarding the victim's symptoms of Post-Traumatic Stress Disorder, which she deemed to be consistent with sexual abuse, increased the reliability of the victim's testimony. . . .

Juvenile Ct. Order, 6/13/17, at 15.

Upon review of the record, we discern no abuse of discretion in the juvenile court's rejection of Appellant's weight claim. *See R.N.*, 951 A.2d at 370-71. Here, the court found the victim's testimony credible with respect to the acts constituting indecent assault (complainant less than 13 years of age). Thus, the juvenile court did not abuse its discretion by concluding that the adjudication was not so contrary to the evidence as to shock the court's conscience. *See id.* Accordingly, this claim merits no relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/13/2018