951 A.2d 1174 (2008)
COMMONWEALTH of Pennsylvania, Appellee
v.
A.W.C., a Minor, Appellant.
No. 986 MDA 2007.
Superior Court of Pennsylvania.
Submitted March 10, 2008.
Filed June 17, 2008.
*1175 MaryJean Glick, Public Defender, Lancaster, for appellant.
Rebecca S. Franz, Asst. Dist. Atty., for Com., appellee.
BEFORE: STEVENS, PANELLA, and HUDOCK, JJ.
OPINION BY STEVENS, J.:
¶ 1 This is an appeal from the dispositional order entered in the Court of Common Pleas of Lancaster County following Appellant's adjudication of delinquency on the charge of statutory sexual assault.[1] We conclude the trial court erred in adjudicating Appellant delinquent, and therefore, we vacate the dispositional order entered in this matter.
¶ 2 The relevant facts and procedural history are as follows: Appellant, who was fifteen years old, and A.M., who was eleven years old, engaged in sexual intercourse, and as a result, Appellant was charged with statutory sexual assault. On February 28, 2007, represented by counsel, Appellant proceeded to a juvenile adjudication hearing, at which Appellant sought to present a "mistake of age" defense. At the hearing, A.M. testified that Appellant lived near her family, she believed Appellant was sixteen years old, and she is not married to Appellant. N.T. 2/28/07 at 34. On July 18, 2006, A.M. was at Appellant's house playing with Appellant's fourteen-year-old sister, D.C. Id. at 24. Appellant was in his bedroom with some friends, including D.C.'s boyfriend, and A.M. was in D.C.'s bedroom with D.C. and D.C.'s twelve-year-old male cousin. Id. at 36. At some point, D.C, who had been going back and forth between the two bedrooms, told A.M. that if she had sex with Appellant then she would have sex with her boyfriend. Id. at 37. A.M. expressed uncertainty; however, after some prodding by D.C., A.M. agreed to have sex with Appellant. Id. at 38. Appellant came over to D.C.'s bedroom, and D.C. and her younger cousin left the room. Id. at 38. A.M. told Appellant about her agreement with D.C., and Appellant began kissing A.M. Id. at 40-41. A.M. removed her clothes, and Appellant pulled down his pants. Id. at 42. Appellant inserted his penis into A.M.'s vagina but removed it when A.M. indicated it hurt. Id. at 43. After a short time, Appellant reinserted his penis into A.M.'s vagina but removed it *1176 when A.M. indicated it hurt. Id. at 44. Appellant left the bedroom, A.M. dressed herself, and D.C. came back into the bedroom. Id. at 45. A.M. reported to D.C. what had transpired between her and Appellant. Id. at 45. A.M. testified that she had known Appellant since December of 2005, she went to his and D.C.'s house on occasion, and she talked to Appellant on occasion. Id. at 47. She was not Appellant's close friend, and he was not her boyfriend. Id. at 50, 55.
¶ 3 A.M.'s mother testified A.M. was born on February 10, 1995, and she had a conversation with Appellant regarding A.M.'s age. Id. at 62. Specifically, A.M.'s mother testified that, when she and her daughters moved next door to Appellant's family on Green Street in December, Appellant expressed an interest in dating her oldest daughter, who rejected Appellant. Id. at 62-63. Appellant then "tried to go after" A.M., who was then ten years old. Id. at 62. In March of 2006, A.M.'s mother told Appellant and Appellant's mother that A.M. was only eleven years old and that Appellant had better "stay away from [her] daughter." Id. at 62-64. Shortly thereafter, Appellant "jumped the fence" and tried to kiss A.M. Id. at 64. A.M.'s mother witnessed the attempted kissing, told Appellant to stay away from A.M., and reiterated that she was only eleven years old. Id. at 64.
¶ 4 Police Officer Dean Miller testified he interviewed Appellant, who was born on January 29, 1991, in his mother's presence on October 5, 2006, and Appellant told him that he was A.M.'s boyfriend. Id. at 67. Appellant admitted that he and A.M. had sex, to which A.M. consented. Id. at 67. Appellant told Officer Miller that he thought A.M. was fourteen years old, and he did not discover that she was eleven years old until after the sexual intercourse had occurred. Id. at 67-70.
¶ 5 Appellant's sister, D.C., testified she used to "hang out" with A.M. "once in a blue moon" when A.M. lived next to D.C.'s family. Id. at 71-72. A.M. did not "hang out" with Appellant, and they were not dating. Id. at 73. D.C. believed A.M. was fourteen years old because that's what A.M. had told D.C. Id. at 74. After the incident at issue occurred, D.C. discovered that A.M. was not fourteen years old. Id. at 74. D.C. testified that, on the day A.M. and Appellant had sex, D.C. and A.M. were in D.C.'s bedroom watching a movie with a group of males, all of whom were either fifteen or seventeen years old. Id. at 75-76. Suddenly, A.M. announced she was going to the bathroom but, instead, she went to Appellant's bedroom. Id. at 75. Later that night, A.M. told D.C. that she had sex with Appellant; A.M. seemed happy. Id. at 76-77.
¶ 6 Appellant's mother testified that, approximately three months after A.M.'s family moved next door, A.M.'s mother approached her and told her to tell Appellant that "she don't [sic] want her daughter with my son." Id. at 80. A.M.'s mother did not mention A.M.'s age during this conversation. Id. at 81. Appellant's mother indicated that A.M. used to visit D.C., and A.M. told Appellant's mother she was fourteen years old. Id. at 82. After A.M. and Appellant had sex, Appellant's mother discovered that A.M. was not fourteen years old. Id. at 83.
¶ 7 The trial court directed the parties to file briefs as to whether Appellant could properly raise a mistake of age defense, and both parties complied. By Order entered on April 10, 2007, the trial court concluded the following:
[T]he mistake of age defense raised by the juvenile in this matter is not relevant under the particular facts of this case and will not be considered by the Court.

*1177 It is further ORDERED that based upon the evidence presented at the hearing in this matter, the Court finds beyond a reasonable doubt that [Appellant], a juvenile, has committed the acts described in the juvenile petition which, if he were an adult, would constitute the offense of statutory sexual assault.
¶ 8 By order entered on May 7, 2007, the trial court removed Appellant from his home and committed him to the detention program at the Alternative Rehabilitation Communities in Harrisburg, Pennsylvania. This timely appeal followed, and by order entered on June 7, 2007, the trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement. Appellant filed a timely Pa.R.A.P.1925(b) statement on June 20, 2007, and the trial court filed a Pa.R.A.P. 1925(a) opinion.
¶ 9 Appellant contends the evidence was insufficient to sustain Appellant's conviction since Appellant reasonably believed A.M. was fourteen years old at the time of the sexual encounter. In the alternative, Appellant contends he established a mistake of age defense, and the trial court erred in ruling otherwise.
In reviewing a challenge to the sufficiency of the evidence, we must determine whether, viewing all the evidence admitted at trial, together with all reasonable inferences therefrom, in the light most favorable to the Commonwealth, the trier of fact could have found that each element of the offense [ ] charged was supported by evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt. This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt. Moreover, it is the province of the trier of fact to pass upon the credibility of witnesses and the weight to be accorded the evidence produced. The factfinder is free to believe all, part or none of the evidence. The facts and circumstances established by the Commonwealth need not be absolutely incompatible with [the] defendant's innocence, but the question of any doubt is for the jury unless the evidence be so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances.
Commonwealth v. Sanders, 426 Pa.Super. 362, 627 A.2d 183, 185 (1993) (quotations and quotation marks omitted).
¶ 10 18 Pa.C.S.A. § 3122.1, statutory sexual assault, provides the following:
Except as provided in section 3121 (relating to rape), a person commits a felony of the second degree when that person engages in sexual intercourse with a complainant under the age of 16 years and that person is four or more years older than the complainant and the complainant and the person are not married to each other.
¶ 11 It is well-settled that, in order to convict a defendant under Section 3122.1, the Commonwealth need not prove the elements of consent or force. Commonwealth v. Duffy, 832 A.2d 1132 (Pa.Super.2003); Commonwealth v. Przybyla, 722 A.2d 183 (Pa.Super.1998). Rather, Section 3122.1 "criminalizes sex with a non-spouse who is under 16, if the perpetrator is four or more years older than the victim. . . ." Commonwealth v. Dennis, 784 A.2d 179, 181 (Pa.Super.2001).
¶ 12 Here, there is no dispute that Appellant engaged in sexual intercourse with A.M., who was under the age of sixteen and was four years younger than Appellant *1178 at the time of the sexual acts.[2] Moreover, A.M. and Appellant were not married to each other. Therefore, on its face, the evidence supports the conclusion that Appellant committed statutory sexual assault.[3] However, this does not end our inquiry since, during the juvenile hearing and on appeal, Appellant presented a "mistake of age" defense.
¶ 13 18 Pa.C.S.A. § 3102, mistake as to age, provides the following:
Except as otherwise provided, whenever in this chapter the criminality of conduct depends on a child being below the age of 14 years, it is no defense that the defendant did not know the age of the child or reasonably believed the child to be the age of 14 years or older. When criminality depends on the child's being below a critical age older than 14 years, it is a defense for the defendant to prove by a preponderance of the evidence that he or she reasonably believed the child to be above the critical age.
In interpreting this Section, this Court has stated the following:
[The][a]ppellant's argument that the Commonwealth, in the first instance, was required to prove as an element of the crime that [the][a]ppellant knew or believed that [the victim] was [a certain age] is without legal support. In matters involving sexual offenses against children, when criminality depends on the child's being below a specified age but older than fourteen years, it is a defense for the defendant to prove that he or she reasonably believed the child to be above the critical age. 18 Pa. C.S.A. § 3102. Because Section 3102 places the initial burden on the accused to prove mistake of age, absent such a defense being proffered by the defendant, the Commonwealth bears no burden of proof regarding the defendant's knowledge of or belief as to the age of the child victim.
Commonwealth v. Bohonyi, 900 A.2d 877, 884 (Pa.Super.2006) (emphasis in original).
*1179 ¶ 14 Based on the aforementioned, we agree with Appellant that he was permitted to present a mistake of age defense to the crime of statutory sexual assault, and once proffered, the burden shifted to the Commonwealth to disprove the defense. See Bohonyi, supra; Dennis, supra (indicating mistake of age is a defense to statutory sexual assault under Section 3122.1).
¶ 15 Here, Appellant presented his testimony, his sister's testimony, and his mother's testimony, which established that, prior to the incident of sexual intercourse, A.M. told them she was fourteen years old. Moreover, Police Officer Miller testified he interviewed Appellant, who indicated that he believed A.M. was fourteen years old when they had sexual intercourse. To rebut this testimony, the Commonwealth presented the testimony of A.M.'s mother, who testified she had informed Appellant on two occasions, and Appellant's mother on one occasion, that A.M. was only eleven years old.[4] In its opinion, the trial court, sitting as the finder of fact, concluded that Appellant reasonably believed that A.M. was fourteen years of age when they engaged in sexual intercourse. Trial Court Opinion filed 4/10/07 at 3; Trial Court Opinion filed 8/1/07 at 4. The trial court specifically stated:
[T]he Commonwealth cites to testimony by the victim's mother that she had conversations with both the juvenile and his mother where she informed them of the age of her daughter, the complainant in this case. The Court, however, did not find credible the testimony of the mother regarding these conversations and disregarded this evidence. Instead, the Court found that "[t]he credible evidence presented by counsel for [Appellant] at the hearing, as well as [Appellant's] statement introduced by the Commonwealth, established that [Appellant] reasonably believed the victim to be . . . fourteen years of age, at the time they engaged in sexual intercourse." (Trial Court Opinion, April 10, 2007, at 3). It is undisputed that the complainant misrepresented her age to Appellant and freely consented to the act of sexual intercourse giving rise to this prosecution.
[T]he Court found that [Appellant] reasonably believed the victim to be 14 years old at the time he engaged in sexual intercourse with her. . . .
Trial Court Opinion filed 8/1/07 at 12-13.
¶ 16 We are bound by the trial court's credibility determinations, Sanders, supra, and therefore, we must review whether the trial court properly analyzed the mistake of age defense in light of the evidence that Appellant reasonably believed A.M. was fourteen years old.
¶ 17 Regarding the application of the mistake of age defense in the case sub judice, the trial court concluded the following:
The critical age provided in statutory sexual assault is sixteen. If the child victim is below the age of sixteen, the statute applies; if the victim is above the age of sixteen, the statute is inapplicable. Due to the fact that the statute has a critical age of sixteen, the mistake of age defense can be applied as the critical age listed is older than fourteen years. However, in order for the mistake of age defense to apply to this particular case, the juvenile must put on sufficient evidence to prove that it was more likely than not that he reasonably believed the victim to be above the critical age of the statute, which is sixteen. The credible evidence presented by counsel for the *1180 juvenile at the hearing . . . established that this juvenile reasonably believed the victim to be below the age of sixteen, specifically, fourteen years of age, at the time they engaged in sexual intercourse.
The statute clearly states that the defense of mistake of age is only applicable when the defendant's mistake made him or her believe that the victim was above the critical age of sixteen. The rules of statutory construction dictate that the plain meaning of statutes are "not to be disregarded under the pretext of pursuing its spirit." We must adopt the plain meaning of the statute concerning the mistake of age defense and, accordingly, find that it is not relevant in the instant case.
Because the mistake of age defense is only applicable to negate the crime of statutory sexual assault when the defendant's reasonable belief is that the victim was above the critical age of sixteen, the defense is not relevant for the instant case.
Trial Court Opinion filed 4/10/07 at 3-4 (emphasis and quotation omitted). See Trial Court Opinion filed 8/1/07 at 4.
¶ 18 As is evident, while the trial court found Appellant reasonably believed A.M. was fourteen years old, based on its interpretation of Section 3102, the trial court concluded Appellant did not meet the requirements of the mistake of age defense with regard to statutory sexual assault. That is, the trial court concluded that Section 3122.1, relating to statutory sexual assault, has a "critical age" of sixteen, and therefore, Appellant could not meet the requirements of the mistake of age defense unless the credible evidence revealed he reasonably thought the victim was above the age of sixteen. However, we conclude this is not a proper interpretation of the mistake of age defense under Section 3102 as it relates to statutory sexual assault under Section 3122.1.
¶ 19 The statutory sexual assault statute, by its plain language, seeks to prevent only sexual intercourse between persons under the age of 16 and those four or more years older than the minor. In the case sub judice, Appellant was himself fifteen years old when the sexual intercourse occurred. Therefore, Appellant's belief, which the trial court found to be credible and reasonable, that A.M. was but one year younger than he is a defense to that portion of the statute indicating it is a crime if the complainant "is four or more years older" than Appellant.
¶ 20 In so holding we note that:
The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Further, the General Assembly does not intend a result that is absurd, impossible of execution, or unreasonable. In interpreting statutes, a court should not assign a contrived meaning to clear language, nor should it construe the statute or provision in question so as to promote or further absurd results.
In the Interest of B.A.M., 806 A.2d 893, 894 (Pa.Super.2002) (citations, quotations and quotation marks omitted). In enacting Section 3122.1 the Legislature sought to "shield young children from sexual predation by older teenagers and adults." In the Interest of B.A.M., 806 A.2d at 895. Therefore, after considering the legislative purpose in enacting the statutory sexual assault statute, in conjunction with the rules of statutory construction, we conclude the trial court erred in finding Appellant did not establish a proper mistake of age defense, which the Commonwealth *1181 failed to disprove.[5] Therefore, we are constrained to reverse the adjudication of delinquency and vacate the dispositional order entered in this matter.
¶ 21 Dispositional Order Vacated; Jurisdiction relinquished.
NOTES
[1] 18 Pa.C.S.A. § 3122.1.
[2] We note that Appellant, who was fifteen at the time of the incident, did not specifically contend he did not have the legal capacity to commit the crime of statutory sexual assault due to his age, and any issue related to whether Appellant was "a person" for purposes of Section 3122.1, or otherwise had the legal capacity to commit the crime, has been waived. See In the Interest of B.A.M., 806 A.2d 893 (Pa.Super.2002) (indicating eleven year old who had consensual sexual intercourse with another eleven year old could not be adjudicated delinquent since he did not have the capacity to commit the crime; there is no legitimate interest in prosecuting consensual sex between two children under the critical age of the statute); Pa.R.A.P. 2119 (issues must be developed in appellate brief with proper citation to authority).
[3] Appellant suggests the Commonwealth was required to prove, in the first instance, as an element of statutory sexual assault that Appellant knew or acted recklessly as to A.M.'s age. However, as discussed infra, this Court has held that the Commonwealth has no burden regarding the defendant's knowledge of or reasonable belief as to the age of the child victim until the defendant asserts a mistake of age defense for crimes generally arising under Chapter 31 of the Crimes Code. See Commonwealth v. Bohonyi, 900 A.2d 877 (Pa.Super.2006).

We note that we specifically find this case, which arose under Chapter 31 of the Crimes Code, distinguishable from Commonwealth v. Gallagher, 592 Pa. 262, 924 A.2d 636 (2007), in which the Supreme Court concluded the Commonwealth was required to prove as an element of the offense of luring a child, 18 Pa.C.S.A. § 2910, that the defendant knew or reasonably knew the victim was a child (a person under the age of eighteen). The Legislature's stated policy in enacting the statute for statutory sexual assault, as well as relevant case law interpreting such, reveals the Commonwealth has no burden of proof regarding the defendant's reasonable belief concerning the age of the victim until the defendant first asserts the mistake of age defense. See Bohonyi, supra; Duffy, supra.
[4] A.M. offered no testimony as to whether she informed Appellant of her age.
[5] We note that, in its Pa.R.A.P. 1925(a) opinion, which was filed on August 1, 2007, the trial court urges this Court to reverse Appellant's adjudication of delinquency and vacate the dispositional order. Specifically, after finding the credible evidence established that Appellant reasonably believed A.M. was fourteen years old, the trial court concluded the Commonwealth failed to prove Appellant's mens rea regarding A.M.'s age. See Trial Court Opinion filed 8/1/07 at 13. The trial court concluded Appellant's mens rea was an element of statutory sexual assault, which the Commonwealth was required to prove in the first instance. See id. However, as discussed supra, the Commonwealth bore no burden of proof regarding Appellant's knowledge of or belief as to the age of A.M. until after Appellant asserted a mistake of age defense. In any event, we agree with the trial court that it is proper to vacate Appellant's dispositional order.