J-A35008-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| WILLIAM R. HENDERSON, | |
| Appellant | No. 724 WDA 2014 |

Appeal from the Judgment of Sentence Entered April 7, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-SA-0000417-2014

BEFORE: BENDER, P.J.E., BOWES, J., and ALLEN, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED DECEMBER 31, 2014**

Appellant, William R. Henderson, appeals *pro se* from the judgment of sentence of a $300.00 fine, imposed after he was convicted of one count of public drunkenness, 18 Pa.C.S. § 5505. We affirm.

Appellant was initially convicted by a District Magistrate of two summary offenses - one count of public drunkenness and one count of disorderly conduct, 18 Pa.C.S. § 5503. He filed a timely summary appeal with the Court of Common Pleas of Allegheny County. At a *de novo* hearing conducted on April 7, 2014, the Commonwealth presented the following evidence:

> Officer Ralph Rush of the Borough of Pleasant Hills Police Department[] testified that on November 2, 2013, a young woman approached him while he was in his police vehicle, and reported that an intoxicated male had entered her car for no reason a short time earlier. She described the man and when Officer Rush observed [Appellant] at the scene, the young

woman identified [Appellant] as the man who had entered her car without her permission.

When Officer Rush met with [Appellant], he observed an odor of alcohol emanating from [Appellant's] breath. He testified that [Appellant's] words were slurred, his eyes were glassy and bloodshot and he had difficulty maintaining his balance. [Appellant] admitted that he had a "few drinks earlier that evening" but denied being intoxicated.

Trial Court Opinion (TCO), 5/29/14, at 1-2 (unnumbered).

Based on Officer Rush's testimony, the court convicted Appellant of public drunkenness, but acquitted him of disorderly conduct. The court imposed a sentence of a $300.00 fine. Appellant filed a timely *pro se* notice of appeal, as well as a timely Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Appellant subsequently filed an appellate brief with this Court that wholly fails to comport with the Pennsylvania Rules of Appellate Procedure. Namely, Appellant does not include any of the sections required by Pa.R.A.P. 2111(a), with the exception of an argument section (although it is not delineated as such). Because of the substantial defects in Appellant's brief, we could dismiss his appeal in its entirety. **See** Pa.R.A.P. 2101. Nevertheless, because it is apparent from Appellant's brief that he seeks to challenge the sufficiency of the evidence to sustain his public drunkenness conviction, and because we are able to meaningfully review this claim despite the inadequacies of his brief, we decline to dismiss his appeal.

Appellant essentially argues that the testimony of Officer Rush was inaccurate. Appellant states that he was sitting with several friends in the

parking lot of a convenience store when two officers approached the group and asked for Appellant's driver's license. Appellant's Brief at 1 (unnumbered). Although Appellant complied "with all of the officer[s'] requests," one of the officers "singled [Appellant] out" and threatened "to take [him] to jail." *Id.* Appellant emphasizes that the officer "never gave [him] a Breathalyzer test, field sobriety test, or a horizontal gaze nystagmus test," despite the officer's testimony at the *de novo* hearing that Appellant smelled of alcohol, was slurring his words, and was staggering. *Id.* While Appellant admits he "had approximately four or five beers between about 11:00 p.m. and 12:30 a.m.," he maintains that he was not intoxicated and was not acting in a disruptive manner. *Id.* Thus, Appellant avers that his public drunkenness conviction cannot stand.

In light of Officer Rush's testimony at the hearing, Appellant's argument is meritless. In *Commonwealth v. Troy*, 832 A.2d 1089 (Pa. Super. 2003), we explained that:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt

by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, **the trier of fact while passing upon the credibility of the witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.**

*Id.* at 1092 (citations omitted; emphasis added).

Here, the trial court explicitly "found the testimony of Officer Rush concerning [Appellant's] condition at the relevant time to be clear, credible and consistent. The [c]ourt did not find [Appellant's] denial of the Officer's averments credible or persuasive. No other witnesses testified." TCO at 2 (unnumbered). Because this Court is "bound by the trial court's credibility determinations," *Commonwealth v. A.W.C.*, 951 A.2d 1174, 1179 (Pa. Super. 2008) (citation omitted), we may not overturn Appellant's conviction simply because he offers a different version of the events that preceded his arrest. Additionally, we agree with the trial court that even though Officer Rush did not administer a Breathalyzer, field sobriety, or horizontal gaze nystagmus test, the officer's testimony was sufficient to prove that Appellant was "manifestly under the influence of alcohol" in a public place, and that he was intoxicated "to the degree that he may [have] endanger[ed] himself or other persons or property, or annoy[ed] persons in his vicinity." 18 Pa.C.S. § 5505 (defining the offense of public drunkenness). *See* TCO at 2; *Commonwealth v. Williams*, 941 A.2d 14, 27 (Pa. Super. 2008) ("[A] police officer may utilize both his experience and personal observations to

render an opinion as to whether a person is intoxicated.") (citations omitted). Accordingly, we affirm Appellant's public drunkenness conviction.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/31/2014</u>