J-S26015-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM MATTHEW MYERS | : | |
| | : | |
| Appellant | : | No. 1793 MDA 2024 |

Appeal from the PCRA Order Entered November 6, 2024
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0007386-2019

BEFORE:  LAZARUS, P.J., OLSON, J., and BECK, J.

MEMORANDUM BY LAZARUS, P.J.:                **FILED: DECEMBER 8, 2025**

William Matthew Myers appeals from the order, entered in the Court of

Common Pleas of York County, denying his petition filed pursuant to the Post

Conviction Relief Act (PCRA).[1]  Upon review, we affirm.

This Court has previously summarized the facts of this case as follows:

On August 15, 2019, and early into the morning [of] August 16,
2019, then-14-year-old I.M. [] attended a baseball game in York
with her brother.  At some point during the evening, [I.M.]
became separated from her brother.

After the game, around 1:00 AM, [I.M] waited in a public square
outside the baseball stadium for her foster parent to pick her up.
While [I.M.] sat on a bench, [Myers] approached [I.M.] and asked
her how old she was and why she was there.  When [I.M.]
responded that she was 14 years old and waiting for a ride,
[Myers] walked away.  But [Myers] returned a few minutes later
and started to talk to [I.M.] about "sexual things" and asked her
what she would do if he "tried something."  N.T. [Jury] Trial, 8/23-

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

24/21, at 101. [I.M.] felt uncomfortable and began video recording [Myers] on her cell phone via the Snap[c]hat app. [I.M.] recorded [Myers] saying the following:

> [Myers]: —fuckin' rape fuckin' never, a gentleman rape. (Laughing). I mean, not that—I am saying, but you know you are attractive, right? Yes, you are. And if I like desired you, I mean, what would you possibly do to stop me? So[,] then I would do the gentleman thing and just ask you instead of taking it. I'm trying to do it the gentleman way instead of just like, you know what I mean, doing it just like outright just crazy. I think it would be a whole lot better if we just did consensual. Don't you think? Because you are here. And I am here. You don't know me from a can of paint. I am not going to hurt you. As a matter of fact, I wouldn't even penetrate you. I will just lick it. What do you think?

N.T. [Jury] Trial, 8/23/21, at 91-92; Commonwealth Exhibit 2.

[I.M.]'s foster parent arrived, and [I.M.] ran to the car to escape [Myers]. [I.M.] sent the Snap[c]hat video[] of [Myers] to her biological mother ([]Mother[]), who contacted the police the following day. Detective Tiffany Pitts of the York City Police viewed the video and identified [Myers.]

The court held a jury trial on August 23, 2021 and August 24, 2021. The Commonwealth presented testimony from [I.M.], Mother, and Detective Pitts[,] who testified in accordance with the above [recitation of] events. The Commonwealth also entered the Snap[c]hat video, as well as a transcript of the video, into evidence without objection. [Myers] did not testify on his own behalf or present any evidence.

*Commonwealth v. Myers*, 296 A.3d 570, *1-4 (Pa. Super. 2023) (Table).

At the end of the two-day jury trial, on August 24, 2021, Myers was found guilty of unlawful contact with a minor—involuntary deviate sexual intercourse (IDSI), graded as a first-degree felony, and unlawful contact with a minor—indecent assault, graded as a second-degree felony.[2] *Id.* at *4.

---

[2] *See* 18 Pa.C.S.A. 6318(a).

Myers was represented at trial by John E. Gainer, Esquire (trial counsel). **See** PCRA Court Opinion, 1/29/25, at 1.

On November 24, 2021, Myers was sentenced on both charges, which merged for sentencing purposes, to the mandatory minimum sentence of 25 to 50 years in a state correctional facility, pursuant to 42 Pa.C.S.A § 9718.2(a)(1), due to his prior convictions of sexual offenses. A direct appeal followed, and this Court affirmed Myers' judgment of sentence on March 1, 2023. **See Myers**, **supra**. He did not seek review with our Supreme Court.

On June 23, 2023, Myers filed a timely *pro se* PCRA petition and the PCRA court appointed PCRA counsel on June 28, 2023. Following several motions for extension of time to file an amended PCRA petition, PCRA counsel filed an amended petition on January 28, 2024 to include claims of ineffectiveness of trial counsel.

On May 17, 2024, a PCRA hearing was held. Following discussion regarding the various claims in the amended PCRA petition, PCRA counsel decided to proceed solely on three issues of ineffectiveness of trial counsel: failure to object to the Commonwealth's improper redirect examination; failure to conduct an adequate investigation of the case; and failure to object to the jury instruction discussing the mistake-of-age defense.[3] **See** N.T. PCRA

---

[3] Prior to the hearing, PCRA counsel filed a petition to include a supplemental claim of a **Brady** violation in the PCRA petition. **See Brady v. Maryland**, 373 U.S. 83 (1963). This petition was withdrawn at the PCRA hearing. **See** N.T. PCRA Hearing, 5/17/24, at 4.

Hearing, 5/17/24, at 3-8. At the hearing, Myers' trial counsel and the trial prosecutor testified.

Following the hearing, the PCRA court reserved its decision on the PCRA petition until a later date, directed PCRA counsel to file a brief within 60 days, and directed the Commonwealth to respond to Myers' brief within 30 days. *See* Order, 5/17/24. Both PCRA counsel and the Commonwealth complied. On November 6, 2024, the PCRA court issued an order and opinion denying Myers' PCRA petition. *See* PCRA Court Opinion, 1/29/25, at 6.

Myers filed a timely notice of appeal. Both the PCRA court and Myers complied with the requirements of Pa.R.A.P. 1925. On appeal, Myers raises three claims of ineffective assistance of counsel:

[1.] Whether the honorable PCRA court erred by rejecting [Myers'] claims that trial counsel [] rendered ineffective assistance [of counsel] when he failed to:

[a.] lodge an objection during Detective Pitts' direct examination testimony when the prosecutor forgot to prove the element of age under [unlawful contact with a minor-] IDSI and [i]ndecent [a]ssault and improperly introduced that evidence under the guise of a re-direct examination although [trial counsel] had declined to cross-examine Detective Pitts;

[b.] thoroughly investigate [I.M.'s] allegations which resulted in [trial counsel's] attempt to admit evidence after the close of evidence; [and]

[c.] object to the trial court instructing the jury on the defense to IDSI and [i]ndecent [a]ssault when [Myers] exercised his constitutional right to remain silent and not offer a defense.

Appellant's Brief, at 4.

- 4 -

In reviewing an order denying relief under the PCRA, this Court's standard of review is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Hipps***, 274 A.3d 1263, 1266 (Pa. Super. 2022).

> "[W]e must defer to the PCRA court's findings of fact and credibility determinations [if they are] supported by the record." ***Commonwealth v. Spotz***, [] 84 A.3d 294, 319 ([Pa.] 2014). This is because "[t]he PCRA court, and not the appellate court[], has personally observed the demeanor of the witnesses[.]" ***Id.*** "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a de novo standard of review to the PCRA court's legal conclusions." ***Commonwealth v. Mason***, [] 130 A.3d 601, 617 ([Pa.] 2015) (citation omitted).

***Commonwealth v. Hereford***, 334 A.3d 903, 909–10 (Pa. Super. 2025).

All three issues before this Court are allegations of ineffective assistance of counsel. Thus, we set forth the general principles governing a claim of ineffective assistance:

> We presume that the petitioner's counsel was effective. To establish a claim of ineffective assistance of counsel, a [petitioner] must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

> The burden is on the [petitioner] to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

***Commonwealth v. Campbell***, 260 A.3d 272, 277-78 (Pa. Super. 2021) (internal citations and quotation marks omitted). The failure to satisfy any

one of the ineffectiveness prongs precludes relief. **See Campbell**, 260 A.3d at 278.

With regard to the first prong of the ineffectiveness test, "[a]rguable merit exists when the factual statements are accurate and could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination." **Commonwealth v. Barnett**, 121 A.3d 534, 540 (Pa. Super. 2015). Counsel cannot be deemed ineffective for failing to raise a meritless claim or failing to perform a futile act. **See Commonwealth v. Fears**, 86 A.3d 795, 804 (Pa. 2014).

In his first issue, Myers contends that the PCRA court erred in denying his claim that trial counsel was ineffective for failing to lodge an objection during Detective Pitts' direct examination testimony when the prosecutor forgot to prove the element of age and introduced that evidence under the guise of a re-direct examination. **See** Appellant's Brief, at 15-25. In the context of arguable merit, Myers contends that trial counsel should have objected to the prosecutor's question on re-direct because trial counsel did not cross-examine Detective Pitts and, therefore, there was no basis for re-examination. **Id.** at 16-19. Myers also argues that trial counsel's testimony that he believed that allowing the question was within the trial court's discretion so "objecting would have been pointless" was not a reasonable basis for his inaction. **Id.** at 22-24, citing N.T. PCRA Hearing, 5/17/24, at 13. Lastly, Myers argues that he suffered prejudice as a result of trial counsel's failure to object because, if the Commonwealth had not been able to question

Detective Pitts on Myers' age, the Commonwealth would have failed to prove the element of age under IDSI and indecent assault and "the jury would not have been able to convict him of those crimes." Appellant's Brief, at 25.

Myers' underlying claim concerns the re-direct examination of a witness. The trial court has broad discretion regarding re-direct examination. *Commonwealth v. Fransen*, 42 A.3d 1100, 1117 (Pa. Super. 2012) (en banc). "It is clear that a trial judge has wide discretion to vary the normal order of proof and may permit a party to bring out on re-direct examination relevant evidence which inadvertently the party failed to bring out on direct examination." *Commonwealth v. Brown*, 342 A.2d 84, 91 (Pa. 1975).

Instantly, Myers' claim lacks arguable merit. *See Campbell*, *supra*. At the PCRA hearing, in explaining why he chose not to object to the Commonwealth's request for another question, trial counsel stated that he believed the decision to permit the prosecutor to ask another question was within the trial court's discretion and, therefore, he "believe[d] if [he had] objected, the [trial c]ourt would have overruled [his] objection [because] there [were] really not much grounds for [his] objection." PCRA Hearing, 5/17/24, at 14. As trial counsel correctly identified, the trial court's decision to permit Commonwealth to ask an additional question fell within its discretion. *See Brown*, *supra*; *Fears*, *supra*.

Even if trial counsel had objected and succeeded, the jury had already heard I.M. identify Myers as the defendant and her testimony regarding both I.M. and Myers' age at the time of the video, in which I.M. testified that **she**

- 7 -

**was 14** and she believed Myers to be "like 40." N.T. Jury Trial, 8/23-24/21, at 101, 105-06. *See Commonwealth v. Teagle*, 427 A.2d 1193, 1194 (Pa. Super. 1980) (identification by complainant served to place defendant's physical appearance in issue for jury to reasonably infer that defendant was over 18 years of age). As the PCRA court noted, the jury instructions provided to the jury in this case outlined that the jury was allowed to infer and make any reasonable inferences based on the evidence. *See* PCRA Court Opinion, 1/29/25, at 7. *See Commonwealth v. Jones*, 461 A.2d 267, 268 (Pa. Super. 1983) (defendant's age need not be proved only by direct testimony). Lastly, if trial counsel had objected, the prosecutor testified at the PCRA hearing that she simply would have re-called Detective Pitts to the stand and asked the same question because the Commonwealth had not yet rested its case-in-chief. *See* N.T. PCRA Hearing, 5/17/24, at 38-40. Therefore, Myers fails to prove that trial counsel's objection would have established cause for relief. *See Barnett*, *supra*. Accordingly, the PCRA court did not abuse its discretion, and Myers is entitled to no relief. *See Hipps*, *supra*.

Next, Myers argues that the PCRA court erred in denying his claim that trial counsel was ineffective for failing to thoroughly investigate I.M.'s allegation, which resulted in trial counsel's attempt to admit evidence after the close of evidence. *See* Appellant's Brief, at 26-30. According to the trial transcript, trial counsel requested that the trial court take judicial notice of the fact that the York Revolution baseball team was playing in an away game in New York at the time of the alleged crime, when I.M. stated she had been

leaving a baseball game at the York Revolution baseball stadium. *See* N.T. Jury Trial, 8/24/21, at 134. Myers further contends that trial counsel, without a reasonable basis, failed to investigate I.M.'s foster parent as well as potential impeachment evidence of I.M., such as "portray[ing herself] to be older to the public, [lying] about her age, and engag[ing] in adult activities[.]" Appellant's Brief, at 27-29. Myers posits that the failure to properly investigate I.M. resulted in prejudice because impeaching I.M. could have reasonably led to a different outcome. *Id.* at 29-30.

Regarding the "reasonable basis" prong of an ineffective counsel analysis:

> [W]e do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis. We will hold that counsel's strategy lacked a reasonable basis only if the petitioner proves that a foregone alternative offered a potential for success substantially greater than the course actually pursued. Our review of counsel's performance must be highly deferential.

*Commonwealth v. Brown*, 196 A.3d 130, 150-51 (Pa. 2018) (internal citations and quotation marks omitted). We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken. *See Commonwealth v. Miller*, 819 A.2d 504, 517 (Pa. 2002).

This Court has recognized that trial counsel has a general duty to undertake reasonable investigations or make reasonable decisions which render particular investigations unnecessary. *Commonwealth v. Basemore*, 744 A.2d 717, 735 (Pa. 2000). "The duty to investigate, of

course, may include a duty to interview certain potential witnesses; [] a prejudicial failure to fulfill this duty, unless pursuant to a reasonable strategic decision, may lead to a finding of ineffective assistance." *Commonwealth v. Johnson*, 966 A.2d 523, 535-36 (Pa. 2009). The failure of trial counsel to interview a particular witness prior to trial does not constitute ineffective assistance of counsel unless there is some showing that such an interview would have been beneficial to the defense under the facts and circumstances of the case. *Commonwealth v. Pursell*, 724 A.2d 293 (Pa. 1999).

At the PCRA hearing, trial counsel outlined the investigative steps he took for trial, including having an investigator contact or try to contact potential witnesses, reviewing the forensic video and the preliminary hearing transcript, and consulting with Myers about what happened. *See* N.T. PCRA Hearing, 5/17/24, at 27-28. While trial counsel testified that he did not recall whether he or his investigator spoke with I.M., he noted that he typically would have his investigator interview all witness. *Id.* at 28. Trial counsel also stated that I.M.'s family was uncooperative and did not give him a lot of information. *See* N.T. PCRA Hearing, 5/17/24, at 27-28. Trial counsel further testified that, when he discovered the existence of the foster parent at trial, he "had no idea what [the foster parent] was going to testify to[,]" and whether it would have been helpful to his client. *See* N.T. PCRA Hearing, 5/17/24, at 34. In fact, trial counsel reasoned that, while there was a possibility that the testimony of the foster parent may have provided some impeachment evidence against I.M., the evidence may have "bolstered her credibility as well." *Id.* at 35-36

(trial counsel noting that "[at trial, I.M.'s] mother said, my children have no reason to lie. . . I believe that's something [] the other witnesses . . . would have said.").

The PCRA court found trial counsel's testimony credible, particularly that trial counsel provided a reasonable basis for choosing not to further investigate I.M. or those close to her. **See** PCRA Court Opinion, 1/29/25, at 8. Under the facts of this case and trial counsel's testimony, the PCRA court found trial counsel reasonable in determining that further investigation into I.M.'s foster parent or I.M. was unnecessary and would not have been helpful to his client.[4] **See** PCRA Court Opinion, 1/29/25, at 7-8. **See also Purcell**, **supra**. As credibility determinations are binding on this court, **see Hereford**, **supra**, and we find no legal error in the PCRA court's conclusion, Myers' claim fails. **See Hipps**, **supra**.

In his last claim, Myers contends that the PCRA court erred in denying his claim that trial counsel failed to object to the trial court's instructions on the mistake-of-age defense for IDSI and indecent assault when Myers had not offered such a defense because he exercised his right to remain silent. **See** Appellant's Brief, at 30-35. We disagree.

---

[4] Although PCRA counsel argued that trial counsel could have discovered evidence regarding I.M.'s behavior through proper investigation, PCRA counsel herself did not present any witness or other evidence at the PCRA hearing in support of Myers' claim. **See Commonwealth v. Simminger**, 292 A.3d 1098, *10 (Pa. Super. 2021) (Table) (proposed alternate trial strategy based on mere conjecture cannot substantiate claim for ineffective assistance of counsel). **See** Pa.R.A.P. 126(a)-(b) (unpublished, non-precedential opinions of this Court, filed after May 1, 2019, may be cited for persuasive value).

We consider this claim pursuant to the following well-established principles:

> A trial court has broad discretion in formulating and delivering instructions to a jury. When reviewing the exercise of that discretion, an appellate court must evaluate the trial court's instruction as a whole to determine if it was fair or prejudicial. A trial court may use such language as it chooses, so long as the law is clearly, adequately, and accurately presented to the jury for its consideration.

*Commonwealth v. Drummond*, 285 A.3d 625, 634 (Pa. 2022) (quotation marks omitted).

The mistake-of-age defense is governed by 18 Pa.C.S.A. § 3102, which provides in relevant part that, "[w]hen criminality depends on the child's being below a critical age older than 14 years, it is a defense for the defendant to prove by a preponderance of the evidence that he or she reasonably believed the child to be above the critical age." 18 Pa.C.S.A. § 3102. Regarding the proffer of such a defense:

> The [Commonwealth's] burden [to prove beyond a reasonable doubt all elements of the crime charged] is neither increased nor diminished when a defendant attempts to disprove an element of the crime by introducing an affirmative defense[, such as the mistake-of-age defense]. Accordingly, when charging a jury, a trial [court] must communicate to the jury that when evidence of an affirmative defense is offered, the Commonwealth still has the burden to prove each element of the crime charged beyond a reasonable doubt.

*Commonwealth v. Cottam*, 616 A.2d 988, 1000-01 (Pa. Super. 1992) (citations omitted); *see also Commonwealth v. Scott*, 73 A.3d 599, 603 (Pa. Super. 2013). However, the defendant bears the initial burden to proffer

- 12 -

a mistake-of-age defense. *See Commonwealth v. A.W.C.*, 951 A.2d 1174, 1178 (Pa. Super. 2008) (citation omitted).

Finally, "[i]t is well[-]settled that whether to object to the trial court's charge, to request clarification of the charge, or to request additional points for charge is one of the tactical decisions within the exclusive province of counsel." *Commonwealth v. Hawkins*, 894 A.2d 716, 730 (Pa. 2006) (internal citation and quotation marks omitted). "Where matters of strategy and tactics are concerned, counsel's assistance is deemed constitutionally effective if he chose a particular course that had some reasonable basis designed to effectuate his client's interests." *Commonwealth v. Colavita*, 993 A.2d 874, 887 (Pa. 2010) (internal citation omitted).

Here, the record is clear that trial counsel was aware that Myers did not intend to testify at trial and trial counsel did not object to the mistake-of-age defense instructions given by the trial court. *See* N.T. PCRA Hearing, 5/17/24, at 19-20. However, trial counsel testified that, even though Myers planned to remain silent, Myers had wanted to raise the mistake-of-age defense. *Id.* at 20-21 (trial counsel testifying that "the entire time I dealt with [] Myers[,] he wanted me to raise the defense of mistake[-]of[-]age"); *id.* at 27-28 (trial counsel testifying that, when he consulted with Myers, Myers explained that he was mistaken about I.M.'s age). Trial counsel reasoned that he did not object to the jury instructions because he had hoped to convince Myers to testify. *Id.* at 19-20.

As noted by the PCRA court: "[the mistake-of-age defense] does not require that the [d]efendant testify, but rather that he meets the requisite burden of proof." **See** PCRA Opinion, 1/29/25, at 9. Trial counsel explained to Myers that the burden of proof would be on him to show, by the preponderance of the evidence, that he was mistaken about I.M.'s age and that, if Myers wanted trial counsel to make the argument in closing, "the Commonwealth would be entitled to that instruction." **See** N.T. PCRA Hearing, 5/17/24, at 21. In fact, during his closing argument, trial counsel argued that Myers could have reasonably believed I.M. was not a minor:

> [TRIAL COUNSEL:] So, I would like you to first consider the circumstances. It was about 1:00 in the morning on a weekday in downtown York. [Myers] saw her on a corner in the street. **So[,] a reasonable person would conclude that she was an adult**, given the time of the night, it was a weeknight, downtown York[,] and she was on a street corner. [I.M.] told you, she testified, that she was only 14 years old. **But I submit that her making that claim alone should not be enough to conclude that [] Myers knew she was a minor.** There was nothing to corroborate her testimony.

N.T. Jury Trial, 8/23-24/21, at 142-43 (emphasis added). Therefore, trial counsel's failure to object to the instructions due to Myers' decision to remain silent was not unreasonable where it was in line with Myers' interest. **See Colavita**, **supra**.

Furthermore, Myers failed to demonstrate how he was prejudiced where the trial court issued the mistake-of-age instruction and clearly instructed the jury that the mistake-of-age defense did not alleviate the Commonwealth's burden of proof. **See** N.T. Jury Trial, 8/23-24/21, at 173-74 (trial court

instructing jury on mistake-of-age: "It is indeed still true, the prosecution must prove all elements of the charged offense beyond a reasonable doubt."); *see Cottam*, *supra*. *See Commonwealth v. Koehler*, 32 A.3d 121, 156 (Pa. Super. 2012) (defendant's ineffectiveness claim for failure to object to erroneous jury instructions regarding inference of specific intent failed for lack of prejudice when instruction correctly described charged crimes, elements of first-degree murder, including that defendant must possess specific intent to kill, and informed jury that Commonwealth bore burden of proving every element of crime beyond reasonable doubt). Accordingly, we find no error by the PCRA court in denying Myers' final claim.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/8/2025